

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2008

# Demorato v. Carver Boat Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3686

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Demorato v. Carver Boat Corp" (2008). *2008 Decisions*. Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3686

_____

JOSEPH DEMORATO; JOSEPH DELGADO,

Appellants

v.

CARVER BOAT CORPORATION;
STATEN ISLAND BOAT SALES, INC.;
RICHARD CURRY

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-00240)
District Judge: Honorable Joel A. Pisano

_____

Submitted Under Third Circuit LAR 34.1(a)
December 2, 2008

_____

Before: AMBRO, and GREENBERG, Circuit Judges,
and O'NEILL,[*] District Judge

(Opinion filed: December 19, 2008)

_____

OPINION

_____

_____

[*]Honorable Thomas N. O'Neill, Jr., Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation

AMBRO, Circuit Judge

In July 2004, business partners Joseph Demorato and Joseph Delgado ("Demorato/Delgado" or "the partners") traded in the 1998 Carver Mariner they bought at Staten Island Boat Sales ("SIBS") and bought a 57-foot Carver 560 Voyager from the same distributor for about $1 million. They told the sales representative that they wanted a boat that was capable of transatlantic trips to Costa Rica. To conclude this negotiation, Demorato/Delgado signed a two-page sale contract with SIBS that specifically disclaimed by it any express warranty and any implied warranties of merchantability or fitness for a particular purpose. At closing, Demorato/Delgado received a separate document containing a warranty from the manufacturer, Carver, that made "repair or replacement" the exclusive remedy for defects.

Before they took delivery of the boat, Demorato/Delgado asked Carver to make repairs under its warranty ("punchlist defects"). SIBS made most of the repairs for Carver over a period that Demorato/Delgado allege lasted 80 days. After they took delivery of the boat, Demorato/Delgado employed an expert marine surveyor who identified problems ("additional defects"), which may have included certain unresolved punchlist defects. The most important of the additional defects was a vibration problem (caused by bouncing of the sole in the forward cabins on top of the main hull stringers) that if not fixed would result in structural damage and could affect the seaworthiness of the boat. This problem had not been identified by Demorato/Delgado for resolution as part of the punchlist defects. Carver offered to make repairs on the additional defects but

2

refused to give assurances that the repairs would make the vessel safe.

Demorato/Delgado refused the repairs and sued SIBS, its representative, Richard Curry, and Carver.

The District Court granted summary judgment in favor of the defendants and Demorato/Delgado appeal. We affirm.

**Jurisdiction and Standard of Review**

28 U.S.C. § 1331 provided the District Court with jurisdiction over Demorato/Delgado's claim under the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.* The District Court had supplemental jurisdiction over their state law claims pursuant to 28 U.S.C. § 1367. Our appellate jurisdiction is pursuant to 28 U.S.C. § 1291.

We review the District Court's grant of summary judgment *de novo*. Those seeking summary judgment must show there are no genuine issues of material fact and they are entitled to judgment as a matter of law. *Pichler v. UNITE*, 542 F.3d 380, 385–86 (3d Cir. 2008).

**Conflicts of Laws**

A district court applies the conflicts of laws rules of the state in which it sits. *Chin v. Chrysler LLC*, 538 F.3d 272, 278 (3d Cir. 2008). Here that state is New Jersey, and the District Court correctly decided that New York law governs. "If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied...." *Keil v. National Westminster Bank*, 710 A.2d 563, 569 (N.J. Super. Ct. App. Div. 1998) (quoting Restatement (Second) of Conflicts of Laws (1971)).

3

The parties negotiated and performed the sale in New York. Indeed, the only connections of the transaction to New Jersey are that Delgado lives there and the boat was registered and insured there.

**The Express Warranty**

Breaches of warranties on purchased goods in New York are governed by New York's Uniform Commercial Code. A sales contract may limit express warranties. N.Y. U.C.C. § 2-316; *see also* N.Y. U.C.C. § 2-719 (permitting limitation of remedy to repair or replacement). Furthermore, "terms … set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement." N.Y. U.C.C. § 2-202.

The sales contract successfully limited any express warranty to that provided by Carver. That contract stated in all-caps on the back of the one-page document that the "dealer makes no warranties express or implied of, in and to any boat or item purchased hereunder and no warranties of merchantability or fitness for a particular purpose are intended. Warranty, if any, of any item purchased hereunder shall be solely the warranty given by the manufacturer." This language channels any warranty through the manufacturer. The contract further stated that "this constitutes the entire agreement of the parties and supersedes any and all prior agreements of the parties, whether oral or written." Accordingly, we consider irrelevant any evidence of statements by SIBS or Curry regarding the fitness of the vessel for travel to Costa Rica. *See* Appellants' Br. 12.

The terms of the Carver warranty are set out in the limited warranty agreement

4

Carver provided to Demorato/Delgado, which limits their remedy to "repair or replacement." The UCC permits this limitation so long as the remedy does not "fail of its essential purpose," N.Y. U.C.C. § 2-719(b)(2), such as through the inability of the warrantor to repair defects. "Courts generally have concluded that so long as the buyer has the use of substantially defect-free goods, the limited remedy should be given effect." *Chatlos Systems v. National Cash Register*, 635 F.2d 1081, 1085 (3d Cir. 1980); *see Cayuga Harvester v. Allis-Chalmers*, 465 N.Y.S.2d 606, 611 (N.Y. App. Div. 1983).

Whether a repair or replacement remedy fails of its essential purpose, permitting a plaintiff to pursue other remedies, is typically a question of fact for the jury. *Roneker v. Kenworth Truck Company*, 944 F. Supp. 179 (W.D.N.Y. 1996) (applying New York law); *LTV Energy Products v. Northern States Contracting* (*In re Chateaugay*), 162 B.R. 949, 959 (Bankr. S.D.N.Y. 1994) (applying New York law). But there is no question of material fact whether the essential purpose of the repair or replacement remedy is frustrated in this case. Although there are many disputed issues in this case, the parties do not dispute the following material matters. Carver completed most initial warranty repairs. After their completion, Demorato/Delgado identified additional problems, all of which their expert conceded are reparable. The warrantor (Carver) offered additional repairs, including using the same repair method suggested by Demorato/Delgado's expert for resolving the vibration problem. But the partners refused to permit these repairs. Because their expert conceded that repairs, if successful, would resolve all problems, there is no issue of fact concerning whether the repair remedy would make the boat

5

"substantially defect-free." Demorato/Delgado cannot cause the repair remedy to fail by refusing to avail themselves of Carver's offer to make additional repairs.

Demorato/Delgado argue that the nature of the defects they encountered in the boat, such as taking on water, caused them to lose faith in it, effectively making it irreparable. *See* Appellants' Br. 34–35. We know of no New York law recognizing this theory in the N.Y. U.C.C. § 2-719 context, and in any case we would decline to apply it where, as here, the parties agreed on the remedy for the major defect and repeated repair attempts have not been made.

The result might be different if Carver attempted to resolve issues proposed by Demorato/Delgado's expert but repeatedly failed in its efforts. *See Chatlos*, 635 F.2d at 1086 (holding that repair remedy failed of its essential purpose where repeated attempts to repair defect failed); *Roneker*, 944 F. Supp. at 185 (failure of essential purpose was a genuine issue of fact for trial where plaintiff refused further repairs but did so after repeated repair attempts failed). But as noted, Carver resolved most of the problems that it was permitted to attempt to fix. Moreover, it had no opportunity to attempt to fix defects, such as the vibration problem, identified for the first time by Demorato/Delgado's expert. Although some of the additional defects may overlap with punchlist defects Carver failed to repair the first time, the purpose of repairs cannot be frustrated where the warrantor resolves most old defects and is denied a chance at resolving newly discovered defects and remaining old ones.

The result might also be different if Demorato/Delgado alleged that Carver or

6

SIBS knew in advance of the vibration issue or other defects with the particularity provided by Demorato/Delgado's expert but failed to resolve them. *See Hadar v. Concordia Yacht*, 886 F. Supp. 1082, 1100 (S.D.N.Y. 1995) (applying Massachusetts law). But the partners do not allege this. *See* Appellants' Br. 19, 23, 25–26.

Courts will set aside a repair or replacement limit on remedies where the warrantor fails to effect repairs within a "reasonable time," regardless whether that failure was willful or negligent. *Cayuga Harvester*, 465 N.Y.S.2d at 611–12. "A delay in supplying the remedy can just as effectively deny the purchaser the product he expected as can the total inability to repair." *Id* (citing *Chatlos*, 635 F.2d at 1085). This can be true even when the plaintiff has refused to submit the defective item for repair. *See Roneker*, 944 F. Supp. at 185.

Yet any delay in repair of the partners' boat did not frustrate the essential purpose of the repair or replacement remedy. Courts recognizing that delay in itself can frustrate a repair remedy have done so where business operations created urgency or where delay was otherwise unreasonable. *See, e.g., Chatlos*, 635 F.2d at 1085–86 (stating that "time was of substantial importance" because the product was programmed specifically for the needs of a customer who needed it quickly); *In re Chateaugay*, 162 B.R. at 959 (stating that problem was eventually repaired but "time may have been … essential" where, in a bridge construction project, "endless delays in effecting repair or replacement may become so costly that they deprive [a contractor] of the 'substantial value of its bargain'"). Here Demorato/Delgado have not alleged circumstances suggesting that full

repair within 80 days was necessary to prevent them from losing the value of their bargain. Their Carver 560 Voyager was a pleasure boat.  An 80-day delay is not unreasonable on these facts.[1]

**Implied Warranties**

There can be no breach of the implied warranty of merchantability by SIBS, Curry, or Carver because that warranty was disclaimed in the sales contract in conspicuous lettering and in terms that included the word "merchantability."  *See* N.Y. U.C.C. § 2-316.  Any implied warranty of fitness for a particular purpose was similarly disclaimed. *See* N.Y. U.C.C. § 2-315.  Without these implied warranties in effect, whether Carver was bound by them on a privity or agency theory is irrelevant.  The District Court correctly held that Demorato/Delgado have no federal cause of action for breach of implied warranty under the Magnuson-Moss Act, 15 U.S.C. § 2301 *et seq.*, because that Act provides a remedy only for a breach of an implied warranty arising under state law and SIBS successfully disclaimed those warranties.

**Remaining Claims**

As New York substantive law applies, violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, does not apply.  The partners have waived their false advertising claim under N.Y. Gen. Bus. Law § 350-a because they raise it for the first

---

[1] We decline to look to New York's lemon law, N.Y. Gen. Bus. Law § 198-a, for guidance, as urged by the partners, because they have not made any argument for why the policy considerations underlying the New York State legislature's decision to protect consumers of cars by enacting that law apply to consumers of boats.  They state only that the law is "relevant."  *See* Appellants' Br. 24.

8

time on appeal. *See Simmons v. City of Philadelphia*, 947 F.2d 1042, 1065–66 (3d Cir. 1991).

**\*\*\*\***

For these reasons, we affirm the District Court's grant of summary judgment in favor of the defendants.